**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ALEXANDER Y. USENKO, individually and on behalf of the SunEdison Retirement Savings Plan, and all other similarly situated Plan participants and beneficiaries,<br><br>Plaintiff,<br><br>v.<br><br>SUNEDISON, INC., et al.,<br><br>Defendants. | CASE NO. 4:16-CV-00076-RWS |
| DINA HOROWITZ, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>SUNEDISON, INC., et al.,<br><br>Defendants. | CASE NO. 4:15-CV-01769-RWS |

**<u>DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFFS' MOTIONS REGARDING COURT'S ORDERS TO ADMINISTRATIVELY CLOSE ACTIONS</u>**

Defendants Board of Directors of SunEdison, Inc., SunEdison, Inc. Investment Committee, Ahmad R. Chatila, Emmanuel T. Hernandez, Antonio R. Alvarez, Peter Blackmore, Clayton C. Daley, Jr., Georganne C. Proctor, Steven V. Tesoriere, James B. Williams, Randy H. Zwirn, Matthew Herzberg, and Brian Wuebbels submit the following consolidated opposition to Plaintiffs' Motion to Clarify the Court's Order and Motion to Re-Open This Action filed in the above-captions actions.[1]

## I. INTRODUCTION

On April 26, 2016, this Court, acting within its inherent authority to manage its dockets, appropriately determined that the related cases of *Usenko v. SunEdison, Inc. et al.*, No. 4:16-CV-00076-RWS ("the *Usenko* Action"), and *Horowitz v. SunEdison, Inc. et al.*, No. 4:15-CV-01769-RWS (the "*Horowitz* Action") (collectively, the "Actions"), should be administratively closed in light of the bankruptcy filing by Defendant SunEdison, Inc. ("SunEdison"). *See Usenko* Action Dkt. No. 52; *Horowitz* Action Dkt. No. 59.

The Court's decision to administratively close these Actions was proper and the Actions should remain closed, for at least the next ninety days, for the following reasons:

- The Court has the inherent authority to close these Actions where efficiency and judicial economy would be served by doing so.

[1] As used herein, "Plaintiffs" shall refer to Lead Plaintiff Horowitz in the *Horowitz* Action, and Plaintiffs Wheeler, Usenko, Dull, O'Day, and Linton in the *Usenko* Action, collectively. "Motions" shall be used herein to refer to the motions filed in *Usenko* by Plaintiff Richard A. Wheeler to Clarify the Court's Order Dated April 26, 2016 As To Non-Debtor Defendants (*Usenko* Action Dkt. No. 53) and Plaintiffs Usenko, Dull, O'Day, and Linton's Response to Plaintiff Wheeler's Motion to Clarify the Court's Order Dated April 26, 2016 (*Usenko* Action Dkt. No. 54), as well as the motion filed in *Horowitz* to Re-Open This Action To Prosecute Claims Against Non-Bankrupt Defendants (*Horowitz* Action Dkt. No. 61), collectively.

- The Court's authority to administratively close these Actions thus flows from this authority to manage its docket and not from the automatic bankruptcy stay in place as to SunEdison. Administrative closure of these Actions, at this time, is reasonable and appropriate, in light of the status of the bankruptcy and the issues presented in these Actions.
- Additional good cause exists for the Actions to remain closed so as to not interfere with the purposes of the bankruptcy stay as to Defendant SunEdison.
- Plaintiffs have not and cannot show that they will be prejudiced by closure for a limited duration of time.

For these reasons, which are set forth in greater detail below, Defendants ask that the Actions remain administratively closed at this time. Defendants further propose that the parties submit status reports to the Court in ninety days setting forth the status of the bankruptcy proceedings and any facts supporting the continued closure or re-opening of the Actions at that time. Finally, should the Court deem it appropriate, Defendants do not oppose an order allowing the Actions to proceed for the limited purposes of (a) designating a Lead Plaintiff and filing a consolidated amended complaint in the *Usenko* Action and (b) filing a consolidated amended complaint in the *Horowitz* Action.

## II. BACKGROUND

On April 25, 2016, Defendant SunEdison filed a notice of automatic stay and suggestion of bankruptcy, which gave notice that, on April 21, 2016, SunEdison and certain of its affiliates (the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, and as a result, any further action against the Debtors is stayed under Bankruptcy Code section 362(a). *See Usenko* Action Dkt. No. 50; *Horowitz* Action Dkt. No. 58.

On April 26, 2016, in light of SunEdison's notice of bankruptcy, the Court ordered that the *Usenko* Action and the *Horowitz* Action be administratively closed, subject to re-opening on a motion. *See Usenko* Action Dkt. No. 52; *Horowitz* Action Dkt. No. 59. In these orders, the Court concluded that the Actions "should be administratively closed until such time as the bankruptcy proceedings have been concluded or Court action is otherwise required." *Id*.

The next day, counsel for Plaintiff Wheeler in the *Usenko* Action moved the Court to "clarify" its order and hold that the order did not apply to non-debtor Defendants. *See Usenko* Action Dkt. No. 53. Counsel for Plaintiffs Usenko, Dull, O'Day, and Linton filed a response to Plaintiff Wheeler's motion on April 29, 2016, explaining that they would seek relief from the automatic stay from the U.S. Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"), where Debtors' petition is pending.[2] *See Usenko* Action Dkt. No. 54. In the *Horowitz* Action, Lead Plaintiff filed a motion to re-open the action on April 28, 2016. *See Horowitz* Action Dkt. No. 61.

Defendants submit this consolidated response to the Motions in both of the Actions.

## III. ARGUMENT

### A. The Court Has the Authority To Administratively Close the Actions.

Plaintiffs' Motions rest primarily on the ground that the Bankruptcy Code's automatic stay applies only to Defendant and debtor SunEdison. *See Usenko* Action Dkt. No. 53, at 2-3; *Horowitz* Action Dkt. No. 61, at 1-5.[3] This issue is not the point. The Court's authority to administratively close the Actions is independent of, and not reliant on, the bankruptcy stay.

---

[2] Plaintiffs Usenko, Dull, O'Day, and Linton have, in fact, filed this motion in Bankruptcy Court and it is currently pending.

[3] For example, the *Horowitz* motion cites to *In re K-V Pharm. Co. Sec. Litig.*, No. 11-cv-01816-AGF (E.D. Mo. Dec. 20, 2012), as a case where the court rejected an argument that the automatic stay under Bankruptcy Code section 362 should be extended as to non-debtor

A "district court has the inherent power to stay its proceedings." *See Asarco LLC v. NL Indus., Inc.*, No. 4:11-CV-00864 JAR, 2013 WL 943614, at *2 (E.D. Mo. Mar. 11, 2013); *Johnson v. KFC Corp.*, No. 07-0416-CV-W-HFS, 2007 WL 3376750, at *2 (W.D. Mo. Nov. 7, 2007); *see also Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) ("We have often recognized a district court's inherent power to manage and control its docket."). This power "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). It requires the court to exercise its "judgment, which must weigh competing interests and maintain an even balance." *Id.* The court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties. *Asarco LLC*, 2013 WL 943614, at *3.

On their terms, the orders in the Actions merely operate as temporary holds on the proceedings until it is appropriate to re-open them. *See Usenko* Action Dkt. No. 52; *Horowitz* Action Dkt. No. 59. Administrative closures of this kind are acceptable and necessary tools at the Court's disposal for management of its docket. *See H.R. Bushman & Son Corp. v. Spud Packers, Inc.*, No. 4:06CV1638CDP, 2008 WL 199548, at *1 (E.D. Mo. Jan. 22, 2008) ("[E]very circuit that has reached the question of the effect of an administrative closure has held that 'an administrative closing has no effect other than to remove a case from the court's active docket and permit transfer of records associated with the case to an appropriate storage repository.'");

---

defendants because the court had not found the "unusual circumstances" required for such an extension. *See Horowitz* Action Dkt. No. 61, at 4; *Horowitz* Action Dkt. No. 62, at Ex. B. In these Actions, however, the Court exercised its inherent powers to manage its docket and closed the Actions, subject to re-opening at an appropriate time, which does not require a finding of "unusual circumstances." The *In re K-V Pharm. Co. Sec. Litig.* Court did not consider the court's inherent powers to manage the cases before it, which clearly permit the imposition of the limited closure in place here. *See* Section III.A at p. 4 & Section III.B at p. 6.

*see Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 127-28 (3d Cir. 2004) (noting that an administrative closing is merely "a device that . . . enhances a district court's ability to manage its docket" and "the method is used in various districts throughout the nation in order to shelve pending, but dormant, cases").[4]

Here, the Court exercised its broad discretion to manage its docket in consideration of judicial economy with respect to itself, the parties, and their counsel, in recognition of the impact of the bankruptcy on the Actions, and the fact that there is only minimal potential prejudice to Plaintiffs. Plaintiffs' focus on the limits of the bankruptcy stay is off point.

### B. Administrative Closure of the Actions, at this Time, Is Reasonable and Appropriate.

The administrative closure of the Actions was a reasonable response to a significant change in the circumstance of the Actions – the filing for bankruptcy of the company defendant in these securities and ERISA class actions.

***First***, this limited delay in the Actions – and the concurrent allowance by the Court for motions to re-open the Actions at appropriate times – acknowledges the significant impact that the filing for bankruptcy by the company defendant in class actions alleging fraud and breaches of fiduciary duties by the company and its officers and directors may have on the Actions. As the Plaintiffs themselves have recognized, "[t]he bankruptcy proceedings are in its nascent stages." *Usenko* Action Dkt. No. 54, at ¶ 3. It is valuable to the Court and the parties to be allotted some time to assess the impact of the bankruptcy filing and to then move forward in the best and most organized manner possible.

---

[4] For these reasons as well, the Court need not concern itself with or await "guidance" from the Bankruptcy Court on the scope of the bankruptcy stay in response to the motion filed therein by Plaintiffs Usenko, Dull, O'Day, and Linton. The Court is empowered to take administrative actions over its docket involving non-debtor Defendants and has appropriately done so.

Indeed, courts have invoked their inherent authority to stay an entire proceeding where, as here, a defendant was subject to the automatic bankruptcy stay while co-defendants were not, expressly seeking to avoid piecemeal and duplicative litigation. *See, e.g.*, *J & J Sports Prods., Inc. v. Brar*, No. 2:09-CV-3394-GEB-EFB, 2012 WL 4755037, at *2 (E.D. Cal. Oct. 3, 2012) (determining that "the better course is to stay the claims against [non-debtor defendant] pursuant to the court's inherent authority pending resolution of [debtor's] bankruptcy petition" because "doing so would be efficient for the court and the fairest course for the parties"); *Zurich Am. Ins. Co. v. Trans Cal Assocs.*, No. CIV. 2:10-01957 WBS KJN, 2011 WL 6329959, at *3 (E.D. Cal. Dec. 16, 2011) (staying claims against non-debtors because "a later trial of the claims against [debtors] would involve the relitigation of most if not all of the issues litigated in the first proceeding involving [non-debtors]); *Gulfmark Offshore, Inc. v. Bender Shipbuilding & Repair Co.*, No. CIV. 09-0249-WS-N, 2009 WL 2413664, at *3 (S.D. Ala. Aug. 3, 2009) (explaining that the court should stay the entire action where plaintiff was seeking to proceed on its claims against the officers/directors of the debtor company and then "repeat the process" with respect to its claims against the debtor company once the automatic bankruptcy stay were lifted, which would be "extraordinarily inefficient, setting the stage for duplicative trials on closely related claims against closely related defendants"). Here, as in the preceding cases, it was appropriate for the Court to close the Actions in order to evaluate the bankruptcy and ensure that the Actions move forward in a way that will not result in duplicative or inefficient efforts by the Court and the parties.

***Second***, leaving the Actions closed at this time will assist the Court and the parties in avoiding possibly duplicative and costly fact development. As the Lead Plaintiff in the *Horowitz* Action recognized in its Motion, SunEdison has requested that the Bankruptcy Court appoint an

examiner to "review prepetition activity" that was the subject of, among other things, (i) an audit committee investigation into the accuracy of SunEdison's financial statements and weaknesses in internal controls, (ii) a Securities & Exchange Commission investigation of SunEdison concerning its public disclosure of its liquidity position, and (iii) a criminal investigation by the Department of Justice. *See Horowitz* Action Dkt. No. 61 (citing *In re SunEdison, Inc. et al.*, No. 16-10992-SMB (Bankr. S.D.N.Y. Apr. 22, 2016)).

***Third***, during the early stages of the SunEdison bankruptcy proceedings, the Creditors Committee – on behalf of all unsecured creditors – will investigate the prepetition actions of the debtors to evaluate the potential claims and liabilities and determine whether the estate has any causes of action that it should pursue. This means that the Creditors Committee will be reviewing many of the same subjects that are at issue in these Actions, which will inevitably affect the motions filed and discovery sought in these Actions. *See, e.g., SSDD, LLC v. Underwriters at Lloyd's, London*, No. 4:13-CV-258 CAS, 2013 WL 2420676, at *5 (E.D. Mo. June 3, 2013) (finding that it would serve the interests of judicial economy if the case were stayed because it "would permit the Court to focus its attention on the primary coverage issues without having to expend judicial resources to address possibly duplicative motions or discovery issues in the appraisal action"); *Johnson*, 2007 WL 3376750, at *3 (finding that "[t]he interests of judicial economy weigh in favor of entering a stay in order to avoid duplicative proceedings" and "[t]he potential prejudice to plaintiff is minimal").

***Finally***, assets of the bankruptcy estate include insurance coverage that is shared by SunEdison and the non-debtor Defendants, as well as possible rights of indemnity and contribution amongst defendants related to the claims in the Actions. Any decision in the Actions affecting SunEdison's access to the insurance coverage, or SunEdison's rights to

indemnity or contribution, may impact the administration of the bankruptcy estate. So, too, would any findings of fact or decisions in the Actions that could support claims for contribution or indemnity in favor of or against SunEdison.

Closing the Actions for at least ninety days while the Bankruptcy Court takes steps to appoint an examiner and establish the scope of that examiner's duties, and for key creditor constituencies to present themselves and commence their due diligence during the bankruptcy proceeding, will allow the Court to ensure that its resources and those of the parties, are not wasted, and to more fully evaluate the impact of the bankruptcy on the Actions.

### C. There Is Additional Good Cause for the Administrative Closure While the Bankruptcy Proceedings Are Ongoing.

In addition to the reasons of judicial economy, efficiency, and organization – all of which support the Court's decision to administratively close the Actions – good cause exists to keep the Actions closed at this time in order to avoid undue burden and prejudice to SunEdison and its debtor-affiliates, to whom the Bankruptcy Code's automatic stay undoubtedly applies.

Allowing these Actions to move forward during this early stage of the bankruptcy proceeding would be highly detrimental to SunEdison, which is entitled to the benefits of the automatic stay. Continued prosecution of the Actions would add distraction to SunEdison and its personnel and would subject SunEdison to burdensome discovery requests, as documents and information vital to the Actions are likely to be in the sole possession of the company. Responding to discovery requests, and other aspects of litigation, would distract SunEdison and its personnel from the critical task of accomplishing a successful reorganization, which is in the interests of all parties (including shareholders and creditors of SunEdison). Moreover, as noted above, proceeding in the Actions could jeopardize assets of the estate even though the Actions remain stayed as to SunEdison.

By contrast, as explained below, any potential prejudice to Plaintiffs in a temporary delay in re-opening the case is minimal. For this reason as well, the Actions should remain administratively closed.

**D. The Administrative Closure Is Limited and Thus Not Prejudicial.**

In arguing, incorrectly, that the Court did not have the authority to administratively close the Actions, Plaintiffs utterly fail to address the issue that the Court expected them to address in any motion to re-open – that is, presenting a valid reason why the cases should be re-opened at this time. This is because no compelling reason exists and Plaintiffs face limited, if any, prejudice by the administrative closure.

This administrative closure is akin to a limited stay where the purpose is merely "to preserve the status quo of the parties." *See Asarco LLC*, 2013 WL 943614, at *3.[5] In ordering the Actions closed, the Court has not denied Plaintiffs the ability to ultimately pursue any of their claims or set them on unequal footing with the Defendants. And, the Court even recognized that a time will come for the Actions to move forward and set a process in place for Plaintiffs to identify that time with a motion (*i.e.*, a motion that is distinguishable from the knee-jerk reaction demonstrated by the Motions here). For this reason, Plaintiffs do not – and cannot – argue that they will be harmed by the administrative closure of the Actions at this time.

Moreover, the closures are limited. In addition to Plaintiffs' ability to move to re-open the Actions at an appropriate time, Defendants propose that the Court additionally order that the

[5] Indeed, discovery in the *Horowitz* Action is stayed in any event pursuant to the statutory automatic discovery stay of the Private Securities Litigation Reform Action ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B). Thus, the administrative closure has not denied the *Horowitz* Plaintiffs of any discovery.

parties provide status updates in ninety days, wherein they can inform the Court of developments in the bankruptcy and set forth any reasons why the Actions should or should not be re-opened.

Finally, the only steps that Plaintiffs appear to want to take in the Actions in any event are certain limited procedural steps that could move forward independently of any involvement by Defendants. In the *Usenko* Action, Plaintiff Wheeler argues that the pending motion for appointment of interim lead counsel should be ruled upon. *Usenko* Action Dkt. No. 53, at 3. And the *Horowitz* Action Lead Plaintiff argues that it "plans to name additional non-debtor defendants in the amended complaint – including the Wall Street underwriters to SunEdison's preferred securities offering that took place in August 2015." *Horowitz* Action Dkt. No. 61, at 4-5.

Plaintiffs do not explain why these actions need to go forward at this time or why the Actions should be re-opened in their entirety for the purpose of addressing these limited procedural steps. Nevertheless, Defendants do not object to the re-opening of the Actions for the limited procedural steps identified by Plaintiffs (*i.e.*, Plaintiffs filing consolidated amended complaints in the Actions and the designating of the Lead Plaintiff in the *Usenko* Action), provided Defendants are subject to no deadlines or other action until such time as the Actions are re-opened in full. Such limited procedural steps – whether taken now or at some time in the relatively near future – are consistent with the overall goals of efficiency and organization of the Actions and will not detract from the benefits of the administrative closure more generally.

Plaintiffs have not presented any ground to re-open the Actions at this time, or in full, that overcomes the strong need for efficiency, economy, and organization in these Actions, which support maintaining the closure in some form.

## IV. CONCLUSION

For the foregoing reasons, Defendants oppose Plaintiff Wheeler's motion in the *Usenko* Action to clarify that the case should be allowed to proceed as to the non-debtor Defendants, and similarly oppose the *Horowitz* Lead Plaintiff's motion to re-open the *Horowitz* Action. The Court's orders to administratively close both Actions are within the Court's authority and should stay in place, subject to the filing of status reports by the parties in ninety days and review of the stay at that time.

DATED: May 13, 2016

Respectfully submitted,

By: /s/ Glenn Davis

Glenn Davis, Esq. (30308MO)
HEPLER BROOM LLC
211 North Broadway, Suite 2700
St. Louis, MO 63102
Telephone: (314) 480-4154
Email: Glenn.Davis@heplerbroom.com

*Counsel for Defendants Board of Directors of SunEdison, Inc., SunEdison, Inc. Investment Committee, Ahmad R. Chatila, Emmanuel T. Hernandez, Antonio R. Alvarez, Clayton C. Daley, Jr., Georganne C. Proctor, Steven V. Tesoriere, James B. Williams, Randy H. Zwirn, Matthew Herzberg, and Brian Wuebbels*

By: /s/ John J. Rehmann, II

James F. Bennett (46826MO)
jbennett@dowdbennett.com
John J. Rehmann, II (61245MO)
jrehmann@dowdbennett.com
DOWD BENNETT LLP
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
Telephone: (314) 889-7300
Facsimile: (314) 863-2111

*Counsel for Defendant Peter Blackmore*

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2016, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filings(s) to all attorney(s) of record.

/s/ Glenn E. Davis